## CIRCUIT COURT OF ORANGE COUNTY

Brown

v.

Reynolds, etc., et al.

December 16, 1987

Case No. L87-15

By JUDGE LLOYD C. SULLENBERGER

Plaintiff Brown has brought an action against seller Reynolds Pontiac-Cadillac-GMC Truck-Buick, Incorporated ("Reynolds") and manufacturer General Motors Corporation seeking relief, among other theories, under the Virginia Motor Vehicle Warranty Enforcement Act (the Act), the so-called "Lemon Law." Brown alleges he purchased a 1986 Buick manufactured by GMC from Reynolds, which vehicle is defective.

GMC has filed a motion to dismiss Brown's claim under the Act based on Brown's allegations in the motion for judgment, and the contents of exhibits thereto.

The Act provides in essence, as here pertinent, that if the manufacturer or dealer does not conform a faulty vehicle to the express warranty by correcting a defect after a "reasonable number of attempts" the manufacturer shall either replace or repurchase the vehicle. Va. Code § 59.1-207.13(A).

Section 59.1-207.13(B) provides in pertinent part that it shall be presumed that a reasonable number of attempts have been undertaken to conform the motor vehicle to the warranty if the same nonconformity has been subject to four or more repairs and the same nonconformity continues to exist, or if the motor vehicle has been out of service due to repair for a total of thirty calendar days.

Plaintiff has not alleged--which he concedes in his memorandum opposing the motion to dismiss--that the nonconformity (transmission problems) has been subject of four or more repairs or that the vehicle has been out of service for thirty days. He says he is not entitled to the presumption but is still entitled to proceed under the Act and to attempt to persuade the trier of fact that the manufacturer and dealer were given a reasonable number of attempts to conform the vehicle to the warranty.

The court concludes that while the Act creates a presumption to benefit the consumer--rebuttable by the manufacturer--the consumer is not barred from proceeding under the Act because he cannot allege or prove facts giving rise to the presumption. In such cases, as here, the consumer, without benefit of the presumption, bears the burden of proving that the manufacturer or dealer was given a reasonable number of attempts to conform the vehicle.

The court concludes that the General Assembly would not have created a presumption had it intended that the consumer must allege and prove either four repairs or thirty days in repair in order to succeed under the Act. *See generally*, Gayle, "Virginia's Lemon Law: More Bark than Bite," 33 Virginia Bar News, No. 4, p. 11 (Oct. 1984).

GMC contends further that as a condition precedent to the consumer having a remedy under the Act, the consumer must give the manufacturer written notification of the need to correct the nonconformity, and the manufacturer shall be given an additional fifteen days to correct the nonconformity. GMC says Brown by his motion for judgment and exhibits shows he did not comply with this requirement. *See* § 59.1-207.13(D), which provides that if at the time of such notice either the vehicle has been subjected to four repair attempts or has been out of service for thirty days the manufacturer shall be given an additional opportunity within fifteen days to correct the nonconformity.

As plaintiff argues, he alleges he gave written notice to GMC by letter dated December 9, 1986. He says the fifteen days additional repair time is not applicable because he does not rely on the presumption.

Further, as Brown points out, he has alleged that GMC responded to the December 9, 1986, notification letter

by letter dated December 23, 1986, but he received no response from GMC or Reynolds thereafter.

The motion to dismiss will be denied.